**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**NEFY JONATHAN GARCIA ZARATE**    **CIVIL ACTION NO. 26-1628 SEC P**
**#A208-752-335**

**VERSUS**                                       **JUDGE EDWARDS**

**WARDEN RIVER CORRECTIONAL**    **MAG. JUDGE CAROL B. WHITEHURST**
**CENTER ET AL**


**MEMORANDUM ORDER**

Before the Court are four motions. Habeas petitioner, Nefy Jonathan Garcia Zarate ("Petitioner"), filed a Motion to Expedite Proceedings (R. Doc. 2), a Motion for Immediate Release (R. Doc. 3), an Emergency Motion for Stay of Removal (R. Doc. 4), and an Emergency Motion for Temporary Restraining Order (R. Doc. 5). Having carefully considered Petitioner's submissions and the applicable law, his motions are **DENIED**.

Petitioner is a native and citizen Guatemala, who entered the United States on December 13, 2015. *See* R. Doc. 1 at 2. On August 30, 2025, Petitioner was detained by Immigration and Customs Enforcement ("ICE") officials. *See id.* at 3. While it is unclear where Petitioner was detained, he was later transferred to the River Correctional Center in Ferriday, Louisiana, where he is currently held. *See id.* On April 2, 2026, Petitioner was ordered removed by an immigration judge. *See* EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, Automated Case Information System, Ely Yohana Lopera-Ramirez, https://acis.eoir.justice.gov/en/caseInformation.

Through his submissions, Petitioner complains of inadequate conditions that, according to Petitioner, demand our intervention. *See* R. Doc. 2 at 1. He asserts that he suffers from diabetes and severe ear pain, neither of which has been adequately addressed. *See id.* He claims the facility's overcrowding, unsanitary conditions, food and water deprivation, and spoiled food have deteriorated his health. *See id.* at 1–2. As a result, he asks for expediated consideration, his immediate release, and a stay of his removal. *See* R. Docs. 2, 3, 4, and 5.

The purpose of a temporary restraining order ("TRO") is to preserve the status quo and prevent irreparable harm until the court makes a final decision on injunctive relief. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). It is an extraordinary remedy. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). And "[t]he decision to grant a [TRO] is to be treated as the exception rather than the rule." *Mississippi Power & Light Co. v. United Gas Pipe Line Co.,* 760 F.2d 618, 621 (5th Cir. 1985). To obtain a TRO, an applicant must satisfy the following four elements: (1) substantial likelihood of success on the merits; (2) substantial threat of irreparable injury; (3) the threatened injury outweighs any harm the order might cause to the defendant; and (4) the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000). Relevant here, "a party who fails to show a 'substantial likelihood'" of jurisdiction is not entitled to a TRO. *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015).

Petitioner's submissions largely concern the adequacy of medical care received during his detention. *See generally* R. Docs. 2, 3, 4, and 5. But habeas "is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Rather, "if a favorable determination … would not automatically entitle [the detainee] to accelerated release, the proper vehicle is a § 1983 suit" instead. *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997). "Unconstitutional conditions of confinement—even conditions that create a risk of serious physical injury, illness, or death—do not warrant release." *Ahmed v. Warden*, No. 24-1110, 2024 WL 5104545, at *1 (W.D. La. Sept. 25, 2024), *report and recommendation adopted*, 2024 WL 5495437 (W.D. La. Dec. 11, 2024) (citations omitted); *see also Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) ("[W]e also conclude that the Great Writ does not, in this circuit, afford release for prisoners held in state custody due to adverse conditions of confinement."); *Sarres Mendoza v. Barr*, No. 18-3012, 2019 WL 1227494, at *2 (S.D. Tex. Mar. 15, 2019) ("Claims concerning a prisoner's conditions of confinement may not be brought in a habeas corpus proceeding, and are actionable, if at all, in a civil rights action."). "Nor do allegations of mistreatment that amount to cruel and unusual punishment nullify an otherwise lawful detention." *Ahmed*, 2024 WL 5104545, at *1 (citations omitted).

Because Petitioner's motions seek release on account of his diabetes, ear pain, and subsequent lack of care and attention at River Correctional Center, and not on the basis that ICE is without legal authority to continue detaining him, Petitioner's

3

claim is not cognizable in the habeas context. *See id.* As such, Petitioner has not shown a substantial likelihood of success on the merits.

As for Petitioner's stay request, the Fifth Circuit recently held, in an unpublished opinion, that "[a] request for stay of removal is a challenge to a removal order." *Imran v. Harper,* No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (citing *In re Asemani,* 2025 WL 1823953, at *1 (4th Cir. July 2, 2025)). And thus, even for the purpose of maintaining jurisdiction to decide a habeas petition, we lack jurisdiction under 8 U.S.C. § 1252(g) to stay removal where a final order exists. *See id.* District courts have followed suit. *See, e.g., Ali v. LaSalle Corr.,* 2026 WL 579945 (W.D. La. Mar. 2, 2026). As such, Petitioner's "requested relief, a stay from removal, would necessarily impose a judicial constraint on immigration authorities' decision to execute the removal order, contrary to the purpose of § 1252(g)." *Viana v. President of United States*, No. 18-222, 2018 WL 1587474, at *2 (D.N.H. Apr. 2, 2018), *aff'd,* 2018 WL 11450369 (1st Cir. June 18, 2018). And again, "[b]ecause this challenge is tantamount to a challenge to the execution of a removal order, section 1252(g) bars [this Court] from exercising jurisdiction." *Cardoso v. Reno*, 216 F.3d 512, 517 (5th Cir. 2000).

Petitioner also moves for his immediate release. *See* R. Doc. 3. Because the preliminary relief sought—release from detention—mirrors the ultimate relief sought in habeas, *see* R. Doc. 1, the Motion for Immediate Release is denied. One cannot skip the line by dressing their habeas petition in TRO clothes. *See Rodriguez v. Lyons,* No. 25-1926, 2025 WL 3553742, at *1 (W.D. La. Dec. 8, 2025) (denying a "motion to decide

4

my habeas petition now."); *see also Garcia-Aleman v. Thompson*, No. 25-886, R. Doc. 20 (S.D. Tex. Oct. 30, 2025); *Peters v. Davis*, No. 17-595, 2018 WL 11463602, at *2 (E.D. Tex. Mar. 27, 2018) (explaining that a TRO is not purposed "to give a plaintiff the ultimate relief he seeks"); *Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023) ("[T]he purpose of injunctive relief is to preserve the status quo; it is not to give the movant the ultimate relief he seeks.").

At bottom, entitlement to such extraordinary remedies as those provided under Rule 65, *see Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999), must be "unequivocally show[n]," Su*burban Propane, L.P. v. D & S GCTX LLC*, 25-706, 2025 WL 2429087, at *2 (W.D. Tex. May 20, 2025). And "the specific stopgap measures [Petitioner] requests are either beyond our reach or not appropriate." *Abreu v. Warden, Fla. Soft Side S.*, No. 26-1171, 2026 WL 1020865, at *2 (M.D. Fla. Apr. 15, 2026). The matter will proceed in due course before the Magistrate Judge.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Expedited Proceedings (R. Doc. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Immediate Release (R. Doc. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Emergency Motion for Stay of Removal (R. Doc. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Emergency Motion for Temporary Restraining Order (R. Doc. 4) is **DENIED**.

**THUS DONE AND SIGNED** in Chambers this 19th day of May, 2026.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

6